**Barbara Renee JAMES, Plaintiff,**

v.

**RANCH MART HARDWARE,
INC., Defendant.**

**No. 94–2235–KHV.**

United States District Court,
D. Kansas.

Feb. 22, 1995.

John H. Fields, Carson & Fields, Kansas City, KS, for plaintiff.

Stewart M. Stein, Sonya S. Stokes, Buck, Bohm & Stein, P.C., Leawood, KS, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Barbara Renee James, an anatomically male transsexual, alleges sex discrimination under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*, and the Kansas Act Against Discrimination [KAAD], K.S.A. § 44–1001 *et seq.* More specifically, plaintiff claims that Ranch Mart Hardware, Inc. ("Ranch Mart"), terminated her employment[1] under circumstances in which "a similarly situated female, living and working full time as a male," would not have been terminated. *Amended Complaint* (Doc. # 15), filed October 21, 1994.

This matter comes before the Court on *Defendant's Motion for Summary Judgment* (Doc. # 26), filed January 13, 1995, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the Court finds that defendant's motion should be sustained.

---

[1]. Because James refers to herself as female, the Court does likewise for the purposes of this motion.

[2]. Plaintiff has been less than scrupulous in her compliance with Rule 206(c) of the Rules of Practice and Procedure of this Court, and less

## Summary Judgment Standards

Courts grant summary judgment if the record, viewed in the light most favorable to the non-moving party, reflects that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Genuine issues are those by which a "reasonable jury could return a verdict" for the non-moving party. *Id.* These standards do not imply that "the mere existence of *some* alleged factual dispute" will defeat a motion for summary judgment. *Id.* at 247, 106 S.Ct. at 2509 (emphasis in original). Summary judgment, rather, may be granted if the evidence provided is merely colorable or not significantly probative. *Id.* at 249–50, 106 S.Ct. at 2510–11.

## Undisputed Facts

The undisputed facts are as follows[2]:

On September 1, 1992, Ranch Mart hired Glenn Wayne James as a sales clerk in its electrical department. James M. Bays, the store manager who hired James, made no inquiry regarding the applicant's sexual orientation and had no knowledge before August 19, 1993, that James was a transsexual. From September 1, 1992, through August 19, 1993, James worked in the Ranch Mart hardware store "as a man," using the name Glenn Wayne James. James did not wear women's clothing, a wig or makeup.

James was not scheduled to work on August 19, 1993. On that date, however, James went to the store to speak with Bays. James told Bays that she wanted to start dressing and trying to appear as a woman and to use the name Barbara Renee James. James also told Bays that she wanted to wear a wig and

than precise in identifying the disputed factual issues. To the extent that plaintiff fails to "specifically controvert" defendant's statement of undisputed facts, the Court deems them to be admitted.

makeup to work. James does not recall telling Bays what her dress would be, but Bays remembers James saying that she wanted to wear a dress to work.

In response to James' statements, Bays told her that he preferred that James not come to work in a wig and makeup and that he did not want James wearing a dress at the store. When James protested, Bays agreed to discuss the matter with Vic Regnier, the president of Ranch Mart, and get back · in touch with James. James apparently assumed that Bays would call her on August 20, 1993, to report the outcome of that discussion.

Bays talked to Regnier on August 19, 1993, and they agreed to make no final decision until James appeared for work the next day, so they could see what James was wearing and decide whether it was appropriate for work in a hardware store. Bays did not call James to report this decision.

James was scheduled to work on August 20 and 21, 1993, but did not report to work, call in, or inquire why she had not heard from Bays.[3] As a result, as of August 21, 1993, Ranch Mart assumed that James had quit her job without notice. Ranch Mart subsequently terminated James' employment for the stated reason that James "did not show up for scheduled work shift."

## Analysis

■ The Court has previously determined that James cannot state an actionable claim under Title VII or the KAAD for employment discrimination based upon transsexualism.[4] *Memorandum and Order* (Doc. # 21), filed December 23, 1994. To proceed on her claim that Ranch Mart terminated her employment when it would not have terminated "a similarly situated female, living and working full time as a male," James must establish a *prima facie* case of employment discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The four elements of a *prima facie* employment discrimination case are (1) plaintiff must be a member of a protected class, (2) plaintiff must be qualified for the job, (3) plaintiff must have been discharged, and (4) plaintiff must show that non-class members in the same or similar circumstances were treated more favorably. *Sharon v. Yellow Freight Sys., Inc.*, 872 F.Supp. 839, 846–47 (D.Kan.1994).

■ The first element presents the defeating hurdle for plaintiff. If plaintiff claims that Ranch Mart discriminated against her as a male, then this case must be viewed in the reverse discrimination context.[5] As such, the first element becomes a question whether the plaintiff has shown the "existence of 'background circumstances [which] support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" *Landon v. Southwestern Bell Telecommunications, Inc.*, 1992 WL 193656, at *2 (D.Kan. Jul. 28, 1992), citing *Parker v. Baltimore & O.R. Co.*, 652 F.2d 1012, 1017 (D.C.Cir.1981). James makes no allegations and provides no facts to support any assertion that Ranch Mart discriminates against males. Thus, under this reverse discrimination analysis, James has failed to show membership in a protected class under Title VII.

Thus, regardless of whether James can prevail on the three remaining elements of the *prima facie* case, she fails to demonstrate the existence of the first element. Because James fails to meet this primary burden, Ranch Mart is entitled to summary judgment.

---

3. In fact, on August 20, 1993, James applied for unemployment compensation.

4. Consistent with this holding, the Court dismissed all claims that plaintiff suffered unlawful discrimination based on transsexualism not only under Title VII and the KAAD, but also under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The Court allowed plaintiff to proceed with the limited claim that Ranch Mart fired her for being a male transsexual when it would not have fired her for being a female transsexual. In opposing defendant's motion for summary judgment, plaintiff strays far from the allowed theory in this case. The Court need not address plaintiff's extraneous claims, however, and it does not do so.

5. James does not allege that she was a female at the time of termination. Therefore, the Court discerns no employment discrimination claim under Title VII here on the basis of status as a female.

■ Even if plaintiff had presented a *prima facie* case of intentional discrimination under Title VII and the KAAD, however, the ultimate issue would be whether plaintiff could demonstrate a triable issue of fact as to pretext. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981). Ranch Mart has advanced a facially nondiscriminatory reason for plaintiff's termination, that is, her failure to report for work. To avoid summary judgment in an employment action after an employer has offered a legitimate nondiscriminatory reason for the action taken, plaintiff must produce specific facts showing a genuine issue of fact remains as to pretext. *Branson v. Price River Coal Co.,* 853 F.2d 768, 771–72 (10th Cir.1988). Mere assertions and conjecture are insufficient to survive summary judgment. *Id.* at 772. In addition, it is not sufficient to show that the employer's stated reasons are untrue or pretextual; plaintiff must also show that the proffered reasons are a pretext *for discrimination.* *E.E.O.C. v. Flasher Co., Inc.,* 986 F.2d 1312, 1321 (10th Cir.1992).

■ Plaintiff has not met this burden on the record in this case. She does not claim that Ranch Mart's stated reason for termination was untrue. Rather, she admits that she did not appear for work as scheduled. The record contains no evidence that plaintiff's gender played any role in her termination. For these reasons, defendant is entitled to prevail on its motion for summary judgment.

IT IS THEREFORE ORDERED that *Defendant's Motion for Summary Judgment* (Doc. # 26), filed January 13, 1995, should be and hereby is sustained.