John G. PALOCHKO, Plaintiff–Appellant,

v.

MANVILLE CORPORATION,
Defendant–Appellee.

No. 92–1379.

United States Court of Appeals,
Tenth Circuit.

April 6, 1994.

Lee Thomas Judd (Andrew T. Brake of Andrew T. Brake, P.C. with him on the brief), Denver, CO, for plaintiff-appellant.

Steven J. Merker (Christopher M. Leh of Davis, Graham & Stubbs with him on the brief), Denver, CO, for defendant-appellee.

Before BALDOCK and BRORBY, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

John G. Palochko began his employment with the Manville Corporation on June 30, 1955, and thereafter he was continuously employed with that company until his discharge on February 1, 1991. On the date of his discharge Palochko was 53 years of age.

Palochko then brought suit in the United States District Court for the District of Colorado against Manville, claiming that he was discharged because of his age, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621–634 (1988 & Supp.1992). Specifically, in paragraph 18 of his complaint, Palochko alleged that "[a] determining and motivating factor in the termination of [his] employment was the unlawful discrimination against him because of his age, in violation of the ADEA."

By answer, Manville denied Palochko's allegations in paragraph 18 of the complaint and went on to allege, inter alia, as an affirmative defense, that "Manville's actions with respect to the plaintiff were based upon reasonable factors other than age."

After extensive discovery, Manville filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. After full briefing and oral argument, the district court granted Manville's motion for summary judgment, and judgment was entered dismissing Palochko's complaint and ordering that each side bear its own costs.

As indicated, Manville denied that age was a factor in its decision to discharge Palochko on February 1, 1991, and that in fact the only reason for Palochko's discharge was that Manville made a business decision to reduce its work force and that such was not a pretextual reason. In granting Manville's motion for summary judgment, the district judge held that on the basis of the undisputed facts before him by way of depositions, affidavits, and other evidentiary matter, Palochko could not show a prima facie case of age discrimination nor had he in any way

challenged the true reason for his termination, i.e. a legitimate business decision by Manville to reduce its work force, which decision was non-pretextual. Palochko appeals the judgment dismissing his complaint. We affirm.

We elect to consider first the district court's holding that Manville had articulated a legitimate business reason for Palochko's discharge and that Palochko had failed to show that such was a pretext for age discrimination.

In *Branson v. Price River Coal Co.*, 853 F.2d 768 (10th Cir.1988), we upheld a district court's grant of summary judgment in favor of an employer on the ground that the employer had articulated a legitimate business reason for the layoffs of the two plaintiffs-employees which the latter had not shown to be a pretext, even though we also held that the district court had erred in holding that the two plaintiffs-employees had failed to present a *prima facie* case of age discrimination. In *Branson*, 853 F.2d at 771–72, we spoke as follows:

> However, we also hold the district court was justified in entering summary judgment on the grounds that plaintiffs failed to present any credible evidence on the issue of pretext. To avoid summary judgment, a party must produce "*specific* facts showing that there remains a genuine issue for trial" and evidence " 'significantly probative' as to any [material] fact claimed to be disputed." Thus, plaintiffs' mere conjecture that their employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment. (citations omitted).

*See also MacDonald v. Eastern Wyoming Mental Health Ctr.*, 941 F.2d 1115, 1121–22 (10th Cir.1991) (holding that, to withstand a motion for summary judgment once a *prima facie* case has been made, plaintiffs must still

offer credible evidence that the real reason for the discharge was age discrimination.)

It is clear from the record that Manville had serious financial problems and that there was a legitimate management decision to reduce the work force throughout the company. There is nothing in the record to indicate that such was simply a pretext and that Manville's true reason for discharging Palochko was the fact that he was 53 years of age. The fact that in an evaluation of Palochko's work performance made three years earlier Palochko was referred to as an "old soldier" does not show pretext. *See Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (statements by former supervisor that plaintiff would "need to surround himself with people his age" were not made by the decision-maker, were too vague, and too remote in time to sufficiently establish evidence of age discrimination, and were therefore nothing more than "stray remarks"), *cert. denied*, ––– U.S. –––, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992) and *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 610–11 (11th Cir.1987) (statement by personnel manager that to qualify for another position at the company, plaintiff would have to take another physical examination, and that, "at your age, I don't believe you could pass it" was too attenuated to be of legal significance). Nor does the fact that someone had commented that "it looks like they are trying to eliminate us [old timers]" constitute evidence of pretext. Neither statement was made by Dr. T.W. Michelsen, the Manville supervisor who was charged with reducing the work force of the unit wherein Palochko was working. Certainly Dr. Michelsen in his affidavit and again in his deposition articulated a legitimate business reason for Palochko's discharge, i.e. a reduction in work force of a company that was experiencing severe financial problems. And there is really nothing to support Palochko's claim that such was but a pretext.[1]

---

1. By deposition and affidavit, Dr. Michelsen testified that budget problems at Manville necessitated a restructure in the Research and Development Division and an elimination of two Research Technologist positions. At the time, there were seven Research Technologists in that division. As part of the restructure, Michael Harrison (Dr. Michelsen's supervisor) decided to transfer a project involving polyimide foams to another division. He also transferred the two Research Technologists who had been working on that project. Palochko admitted that he had only "observed" the project, and he testified by deposition that he had never heard Michael Harrison say or do anything evidencing bias against older workers.

In view of our holding that the district court did not err in granting Manville summary judgment on the ground that Manville had articulated a legitimate business decision for Palochko's discharge and that Palochko had "failed to present any credible evidence on the issue of pretext," *Branson*, 853 F.2d at 771, we need not here review the district court's alternative holding that Palochko had also failed to present a *prima facie* case of age discrimination.

Judgment affirmed.

Of the remaining five Research Technologists, Dr. Michelsen testified that he wanted to retain those individuals who would be best suited to work on projects for which he anticipated having responsibility: specifically, the polymeric microfiber project, the biocidal air filtration media project, the Rocklite project, and a series of projects involving foam. Dr. Michelsen selected the three Research Technologists who had experience working on those projects. Palochko, on the other hand, admitted that he had no experience working on any of those projects, and again testified that he had never seen Dr. Michelsen do or say anything that evidenced age discrimination. Notably, two of the retained Research Technologists were in their fifties.

Finally, it cannot be disputed that Manville was experiencing financial difficulties. On the contrary, Manville's financial woes were notorious. In 1982, Manville (formerly known as Johns–Manville Corporation) filed a petition under chapter 11 of the Bankruptcy Code for relief from a deluge of asbestos-related tort claims. Manville emerged from bankruptcy in 1988, but continued to suffer financial difficulties. *See Company Earnings: Manville's Profit Plunges; Costs of Asbestos Fund Cited, N.Y. Times,* February 6, 1991 at D5 (reporting a 43.8% fall in profits in 1990, and an elimination or combination of some jobs); *Loss Posted By Manville, N.Y. Times,* October 28, 1991 at D2 (reporting a third quarter loss of $12.4 million).