48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmy M. COZAD, Plaintiff-Appellant,
v.
Lloyd BENTSEN, Secretary of the United States Department of
Treasury, Defendant-Appellee.
 No. 94-3271.
(D.C. No. 92-1600-MLB)
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jimmy Cozad brought this action pro se under the Age Discrimination Employment Act (ADEA), 29 U.S.C. 621 et seq., alleging that he was denied employment as an Internal Revenue Agent because of his age. The district court granted summary judgment for defendants. On appeal, Mr. Cozad argues that summary judgment was improper because he presented sufficient evidence to raise a fact issue on whether the reasons proffered by defendants for refusing to hire him were pretextual.
 
 
 3
 We have carefully reviewed the record and the analysis and authorities relied on by the district court, and we affirm the grant of summary judgment substantially for the reasons set out in the lower court order. Summary judgment for a defendant is proper in an ADEA action when, as here, there is nothing in the record to indicate that the legitimate reasons offered by a defendant to support an adverse employment decision are a pretext for illegal discrimination. See Palochko v. Manville Corp., 21 F.3d 981, 982-83 (10th Cir.1994).
 
 
 4
 Mr. Cozad bases his claim of pretext upon assertions that defendants failed to follow their own procedures with respect to other job applicants, passed him over when he was entitled to a veteran's preference, and hired others instead of him due to nepotism. None of those allegations, taken as true, constitute evidence that defendants' reasons for failing to hire Mr. Cozad were a pretext for illegal age discrimination. The fact that a defendant's reasons may have been irrational, or not attributable to legitimate business considerations, or even a pretext for nepotism does not create a jury question on discriminatory pretext absent some evidence that the reasons were motivated by a discriminatory animus. See EEOC v. Flasher Co., 986 F.2d 1312, 1319-21 (10th Cir.1992). "[T]he plaintiff must show not merely that the proffered reasons are pretextual, but that they are 'a pretext for discrimination.' " Id. at 1321 (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981), and adding emphasis). Mr. Cozad has offered no evidence that the actions of defendants were motivated by his age. Summary judgment was therefore proper.
 
 
 5
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470