Jacquelin GREYSON, Plaintiff,

v.

McKENNA & CUNEO, Defendant.

Jacquelin GREYSON, Plaintiff,

v.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Defendant.

Civ. A. Nos. 93–K–1733 and 94–K–1338.

United States District Court,
D. Colorado.

March 20, 1995.

Jacquelin Greyson, Conifer, CO, for plaintiff.

Robert I. Cohn, Daniel Grossman, Denver, CO, for McKenna & Cuneo.

Robert O. Romero, E.E.O.C., Denver, CO, and John D. Norquist, E.E.O.C. Office of Legal Counsel, Washington, DC, for E.E.O.C.

## MEMORANDUM OPINION AND ORDERS

KANE, Senior District Judge.

These actions arise out of Plaintiff Greyson's termination from her legal secretary position with Defendant McKenna & Cuneo, a termination which Greyson alleges violated the Age Discrimination in Employment Act. 29 U.S.C. §§ 621–634 (1988 & Supp. V 1993). McKenna & Cuneo asserts no evidence of age discrimination exists, and moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In the separate but related action, (*Greyson v. EEOC*), Defendant EEOC seeks summary judgment in Greyson's suit to procure agency records regarding her case.

### I. *Facts.*

In August 1990 Greyson was employed by the law firm of McKenna & Cuneo ("McKenna") as a secretary assigned to the litigation

department. She was 60 years old when her position was eliminated on February 21, 1992 due to what McKenna describes as a "reduction-in-force" of the Denver office's "standalone departments." Greyson contends, however, that she was dismissed because of her age, and directs attention to the fact McKenna retained legal secretaries significantly younger than, and junior in service to, herself.

On March 20, 1992 Greyson filed a charge of discrimination with the EEOC, which concluded on May 18, 1993 that no ADEA violation had occurred. She received her right-to-sue letter on May 20, 1993 and initiated the lawsuit against McKenna on August 16, 1993. Greyson subsequently requested, under the Freedom of Information Act (FOIA), all agency records pertaining to her case. The EEOC complied with her request except as to a three page investigator's memorandum, one page of investigator's notes, and three lines from the Case Log, all of which were withheld based on FOIA exemption 5. Greyson brought suit against the EEOC on June 7, 1994 to force disclosure only of the three page investigator's memorandum. The EEOC moves for summary judgment.

## II. *Summary Judgment Standards.*

■ A moving party is entitled to summary judgment when no genuine issues of material fact exist and judgment as a matter of law is appropriate. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To avoid summary judgment, a non-moving party must refer to specific facts, beyond those in the pleadings, and demonstrate the existence of a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Mere allegations of factual disputes are insufficient. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). However, the record must be construed in the light most favorable to the non-moving party. *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 528 (10th Cir.1994).

## III. *Issues.*

### A. *Age Discrimination Claim.*

■ When no direct evidence of age discrimination exists, ADEA cases are analyzed under the burden-shifting framework first delineated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This scheme requires the plaintiff first to establish a *prima facie* case by demonstrating (1) she was within the protected age group; (2) she was doing satisfactory work; (3) she was discharged; and (4) her position was filled by a younger individual. *Cone v. Longmont,* 14 F.3d 526, 529 (10th Cir.1994). In reduction-in-force cases where positions remain unfilled, plaintiff may satisfy the fourth requirement by presenting evidence she was treated less favorably than younger employees. *Branson v. Price River Coal Co.,* 853 F.2d 768, 771 (10th Cir.1988).

■ Once plaintiff establishes a *prima facie* case, the burden of production then shifts to defendant to provide a facially legitimate, non-discriminatory explanation for plaintiff's dismissal. *Cone,* 14 F.3d at 529. If defendant proffers such an explanation, plaintiff assumes the burden of any plaintiff to prove her case. In the employment discrimination context, plaintiff does so by proving the defendant's proffered reason was merely pretextual. Pretext can be established by proof that "age was a determinative factor" in defendant's decision, or defendant's asserted reason for its action is not worthy of credence. *Id.* If plaintiff can produce no evidence of pretext sufficient to create a genuine issue of material fact, defendant is entitled to summary judgment. *Id.*

■ Here, I find Greyson has established a *prima facie* case of age discrimination despite McKenna's contention that, under prong 4, Greyson cannot demonstrate she was treated less favorably than younger employees. Specifically, McKenna points to its dismissal of a 36 year old legal secretary terminated on the same day as Greyson. McKenna overlooks, however, that all legal secretaries retained were significantly younger than Plaintiff. Hence, Greyson's production of "evidence that defendant fired qualified older employees while retaining younger ones in similar positions is sufficient to create a rebuttable presumption of discriminatory intent and to require the employer to articu-

late reasons for its decision." *Branson,* 853 F.2d at 771.

■ In order to survive summary judgment, however, Greyson must also create a genuine issue of material fact as to pretext. *Cone,* 14 F.3d at 529–30. McKenna offers its reduction in force at the Denver office as a legitimate, non-discriminatory justification for Greyson's dismissal, asserting Greyson was terminated because she worked for an attorney who also was scheduled for termination. To meet her burden, Greyson must present evidence that her age, not her boss's fate, was the reason for her termination, or that McKenna's reason otherwise lacks credibility. *Cone,* 14 F.3d at 530. Instead, she offers only allegations and conjecture.

Greyson attempts to demonstrate pretext by showing that younger secretaries not in the age protected group were retained under similar circumstances.[1] Specifically, she points to the fact that younger secretaries reporting to attorneys who had either resigned or were scheduled to be terminated were retained, when she was not. Even if accepted as true, however, these facts do not create a genuine issue of fact on the question of pretext. Greyson's repeated references to, and implications regarding the youth of, McKenna's legal secretaries are likewise misplaced. As I stated in *Snoey v. Advanced Forming Technology,* 844 F.Supp. 1394, 1397–98 (D.Colo.1994), evidence of the collective youth of other similarly situated employees bolsters only the *prima facie* case and does not by itself create a triable issue as to discriminatory animus.

Rather, the facts support the occurrence of an ongoing restructuring of McKenna's Denver office between February and April of 1992. During this restructuring, four legal secretaries (including Plaintiff), two paralegals and four attorneys left the firm. Of the three legal secretaries other than Plaintiff who were terminated during this time period, two were not in the protected class. The

third, although within the protected class at 42, was substantially younger than Plaintiff. Greyson offers insufficient evidence to create a triable issue on the question of pretext. One cannot say that the reduction in force exercise was a pretext used to cloak discriminatory actions against Plaintiff based upon her age. The exercise itself is too profuse to give reasonable support to such an inference. It is reasonable to say that but for the reductions in force, Plaintiff would not have been terminated. It is not reasonable to conclude that but for Plaintiff's age she would not have been terminated. Therefore, McKenna's motion for summary judgment is granted.

### B. *FOIA Claim.*

■ Agency affidavits constitute a sufficient basis upon which to grant summary judgment in FOIA cases, provided the affidavit describes, with reasonable detail, the reasons for nondisclosure, demonstrates a logical relationship between the withheld information and the claimed exemption, and is not controverted by evidence of agency bad faith. *Miller v. Casey,* 730 F.2d 773, 776 (D.C.Cir. 1984). Here, the EEOC submits the affidavit of Thomas J. Schlageter (the "Schlageter Declaration"), EEOC assistant legal counsel, in support of its motion for summary judgment.

■ The EEOC moves for summary judgment on Greyson's Freedom of Information Act claim, maintaining that the investigator's memorandum Greyson seeks is protected by FOIA exemption 5. Exemption 5 permits an agency to withhold "inter-agency or intra-agency memorandums (sic) or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (1988). Designed to preserve the quality of agency decisions, the exemption applies to "those documents normally privileged in the civil discovery context." *NLRB v. Sears,* 421

---

1. Greyson's efforts to demonstrate pretext by asserting that seniority played a factor in McKenna's decision are misguided. Although Greyson notes that all four legal secretaries with more seniority than herself were retained, the Supreme Court has concluded that any motivating factor other than age, including seniority, is an insufficient basis upon which to ground an ADEA claim. *Hazen Paper Co. v. Biggins,* —— U.S. ——, ——, 113 S.Ct. 1701, 1705, 123 L.Ed.2d 338 (1993).

U.S. 132, 149, 95 S.Ct. 1504, 1515–16, 44 L.Ed.2d 29 (1975).

 One privilege encompassed by the exemption is the deliberative process privilege, which protects "communications received by the decisionmaker on the subject of the decision prior to the time the decision is made." *Sears,* 421 U.S. at 151, 95 S.Ct. at 1517. As the quality of agency decisions can only be affected before the actual decision, courts have accordingly distinguished pre-decisional from post-decisional records. *Id.* However, even documents both pre-decisional and deliberative must be disclosed if adopted or incorporated by reference into the agency's final decision. *Sears,* 421 U.S. at 161, 95 S.Ct. at 1521–22; *Burkins v. United States,* 865 F.Supp. 1480, 1501 (D.Colo. 1994).

 The memorandum at issue here is undoubtedly pre-decisional, as it was submitted before the time of the agency's decision. Hence, unless the record was adopted or incorporated by reference, the EEOC will be entitled to summary judgment if the document is also deliberative, which requires the memorandum "be a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal and policy matters." *Vaughn v. Rosen,* 523 F.2d 1136, 1144 (D.C.Cir.1975). While purely factual matters are beyond the scope of the privilege, *Wolfe v. Dept. Health and Human Services,* 839 F.2d 768, 775 (D.C.Cir.1988), facts intertwined with the agency's policy- and decision-making processes are protected. *EPA v. Mink,* 410 U.S. 73, 92, 93 S.Ct. 827, 838, 35 L.Ed.2d 119 (1973).

The investigator's memorandum Greyson seeks is deliberative in nature. The Schlageter Declaration establishes the memorandum's contents: it involved analyzing *selected* facts, making recommendations, and expressing opinions on the merits. These are the types of pre-decisional agency activities exemption 5 is designed to protect—activities that underlie the policies and goals of the agency's decision-making process.

Similarly, the agency's final opinion does not adopt or incorporate by reference the investigator's memorandum. Greyson contends that the director's usage of the phrase, "the evidence shows," throughout his opinion constitutes an adoption or incorporation. However, following each use of the phrase, the decision states the grounds for its conclusion. Unlike my recent decision in *Burkins,* no mention is made of the allegedly protected document. The agency's decision, standing alone, explains the bases for its conclusions.

The document Greyson seeks is both pre-decisional and deliberative, and nowhere adopted or incorporated by reference, explicitly or implicitly, into the agency's final decision. As such, the investigative memorandum is entitled to protection under FOIA exemption 5, and the EEOC's summary judgment motion is granted.

Based on the foregoing, IT IS ORDERED that both summary judgment motions are GRANTED. In both cases, Defendants shall have judgment for their costs as well.