Faye F. BRANSON and Christine K.
Saccomanno, Plaintiffs–Appellants,

v.

PRICE RIVER COAL COMPANY, an
Indiana Corporation,
Defendant–Appellee.

No. 86–1467.

United States Court of Appeals,
Tenth Circuit.

April 18, 1988.

[*] The Honorable Harry L. Hupp, United States District Judge for the Central District of California, sitting by designation.

Although we hold that plaintiffs alleged sufficient facts to establish a *prima facie* case for their claims of discriminatory discharge, we agree with the district court's determination that neither plaintiff raised a genuine issue of fact regarding pretext. Since we also agree that Mrs. Saccomanno failed to establish a *prima facie* case for her claim of discriminatory failure to recall, we affirm the district court's entry of summary judgment on all claims.

I.

Prior to the events at issue in this suit, Price River operated two underground coal mines, a coal preparation plant, and office facilities in Helper, Utah. In 1982, a substantial decline in its parent company's demand for coal forced Price River to initiate a three-phase work force reduction. Plaintiffs were laid off in the final stage of the work force reduction on December 31, 1982. By that time, Price River's work force had been reduced by eighty-seven percent, from 585 to 77 employees. Plaintiffs were permanently discharged two years later.

Mrs. Branson, a traffic supervisor and administrative assistant, was fifty-two years old and had worked for Price River and its predecessor companies for eighteen years. Her traffic supervision duties were eliminated with the cessation of train shipments in November 1982.[1] Her remaining administrative duties terminated in December 1982, when Price River decided to eliminate her supervisor's position.[2] On December 31, 1982, Price River's vice-president and general manager informed Mrs. Branson she had been laid off because her services were no longer needed. However, Mrs. Branson asserts she was equally or more qualified for several other positions in her department that were instead retained by younger employees.

Mrs. Saccomanno, the accounts payable supervisor, was sixty years old and had thirty-seven years' experience working for

Jeffrey R. Oritt of Tibbals, Howell, Jones & Moxley, Salt Lake City, Utah, for plaintiffs-appellants.

James M. Elegante (David A. Anderson and W. Mark Gavre, with him on the brief) of Parsons, Behle & Latimer, Salt Lake City, Utah, for defendant-appellee.

Before McKAY, McWILLIAMS and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Plaintiffs, Faye Branson and Christine Saccomanno, claim they were discriminatorily discharged by the defendant, Price River Coal Company, because of their age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA). Mrs. Saccomanno also claims Price River did not recall her to a position that became available after her layoff because of her age.

After complete discovery, full briefing, and oral argument by both sides, the district court granted Price River's motion for summary judgment, 627 F.Supp. 324. The court found that plaintiffs failed to present a *prima facie* case of age discrimination and failed to raise a genuine issue of fact whether Price River's articulated reasons for their layoffs were mere pretexts for discrimination.

1. Price River computerized these duties when train shipments resumed in 1983.

2. Mrs. Branson's supervisor suffered a permanently disabling heart attack on December 6, 1982, and was never replaced.

Price River and its predecessors. She was one of four remaining employees in Price River's accounting department, which also included David Anderson (manager), Sandy Bryant (cost accountant), and Gary Hanson (payroll supervisor). She was laid off as a result of a Price River directive instructing Mr. Anderson to reduce the accounting department to three employees by December 31, 1982.

Mr. Anderson initially decided either Mrs. Saccomanno or Mr. Hanson would be discharged. After some consideration,[3] he decided to lay off Mrs. Saccomanno instead of Mr. Hanson. In his deposition, Mr. Anderson stated he based this decision on his belief that Mr. Hanson was more qualified than Mrs. Saccomanno to handle the payroll for employees of the United Mine Workers Association (UMWA), which was the department's principal remaining responsibility. Mr. Hanson had been responsible for the UMWA payroll for the past seven years, was thoroughly familiar with Price River's computerized payroll system, and had studied business management in college. Although Mrs. Saccomanno had previously worked with the UMWA payroll, she had not done so in seven years, was not familiar with the computerized payroll system, and had only a high school education. Mr. Anderson estimated Mrs. Saccomanno would require approximately six weeks' training in order to handle the UMWA payroll system.

Mrs. Saccomanno disputes Mr. Anderson's statement that she would have needed additional training to handle the UMWA payroll. She contends she was in fact *more* qualified to handle the position than Mr. Hanson because she had greater experience as an accountant in the coal business. Although she was not directly responsible for the UMWA payroll at the time of the layoff, she claims her work continued to "involve" the UMWA payroll up to that time.

Before terminating Mrs. Saccomanno, Price River offered her a position at a truck weigh station at the same rate of pay as her accounting position. She declined this offer because of what she regarded as intolerable working conditions. Five months later, Price River offered Mrs. Saccomanno a temporary accounting position it estimated would require four to six weeks of underground work. She declined this offer because she felt her age prevented her from going underground. Price River then gave the job to a younger employee, who worked underground for twenty-one days and then continued to work above ground for six months.

## II.

Cases brought under the ADEA are subject to the same indirect method of proof used in Title VII cases alleging discriminatory treatment. *Schwager v. Sun Oil Co.,* 591 F.2d 58, 60 (10th Cir.1979). Under that method, plaintiffs are required to present a *prima facie* case of employment discrimination and to show that any legitimate nondiscriminatory reasons articulated by Price River for its actions are merely pretexts for age discrimination. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981). In order to prove a *prima facie* case of employment discrimination, a plaintiff must ordinarily show she was: (1) within the protected age group; (2) adversely affected by the defendant's employment decision; (3) qualified for the position at issue; and (4) replaced by a person outside the protected group. *See, e.g., Schwager,* 591 F.2d at 61.

The district court found Mrs. Saccomanno had failed to establish the second *prima facie* requirement with respect to her claim for discriminatory failure to recall because she had been offered the recall position and declined it. Mrs. Saccomanno argues Price River deliberately misled her about the nature of the position to induce her to decline the position and clear the way for recalling a younger employee. After reviewing the record, we agree with the

---

**3.** Upon learning the layoff was between Mr. Hanson and herself, Mrs. Saccomanno initially volunteered to take the layoff. However, she changed her mind the next day and told Mr. Anderson he would have to make the decision himself.

district court's finding that there was no evidence to support this assertion.[4] Accordingly, we affirm its summary judgment against plaintiff on this claim.

■ Plaintiffs' claims for discriminatory discharge present a more difficult question. In reduction-in-force cases, plaintiffs are simply laid off and thus incapable of proving actual replacement by a younger employee. Consequently, courts have modified the fourth *prima facie* element by requiring the plaintiff to "produc[e] evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *See, e.g., Williams v. General Motors Corp.,* 656 F.2d 120, 129 (5th Cir.1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed. 2d 655 (1982). This element may be established through circumstantial evidence that the plaintiff was treated less favorably than younger employees during the reduction-in-force. *See, e.g., Thornbrough v. Columbus & Greenville R.R. Co.,* 760 F.2d 633, 643–45 (5th Cir.1985).[5]

The district court found neither plaintiff had satisfied this fourth *prima facie* requirement for their claims of discriminatory discharge because Mrs. Saccomanno had not shown she was "as qualified" as Mr. Hanson for the accounting department's remaining position and because Mrs. Branson had not shown that the decision to eliminate her job was motivated by age discrimination or that she was qualified for any other position not already held by an incumbent employee. Alternatively, the district court found summary judgment was justified by the plaintiffs' failure to present any evidence that "a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

We hold that the district court erred in concluding that plaintiffs failed to establish a *prima facie* case of discriminatory discharge. Evidence that an employer fired qualified older employees but retained younger ones in similar positions is sufficient to create a rebuttable presumption of discriminatory intent and to require the employer to articulate reasons for its decision.[6] *See, e.g., Thornbrough,* 760 F.2d at 644. While reduction-in-force cases present exigencies not present in other employment discrimination cases, these exigencies are best analyzed at the stage where the employer puts on evidence of a nondiscriminatory reason for the discharge. *See, e.g., Coburn v. Pan American World Airways, Inc.,* 711 F.2d 339, 343 (D.C.Cir.), *cert. denied,* 464 U.S. 994, 104 S.Ct. 488, 78 L.Ed. 2d 683 (1983).

■ However, we also hold the district court was justified in entering summary judgment on the grounds that plaintiffs failed to present any credible evidence on the issue of pretext. To avoid summary judgment, a party must produce *"specific facts showing that there remains a genuine*

---

**4.** We note that twenty-one working days is consistent with the estimated "four to six weeks" of underground work. In addition, Mrs. Saccomanno's deposition does not indicate she would have been willing to do even this amount of underground work.

**5.** Several circuits have interpreted the holding in *Williams* as heightening the quantum of proof required to establish a *prima facie* case. *See, e.g., Matthews v. Allis–Chalmers,* 769 F.2d 1215, 1217 (7th Cir.1985); *see also Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1166 (8th Cir. 1985), and *LaGrant v. Gulf & Western Mfg. Co.,* 748 F.2d 1087, 1090–91 (6th Cir.1984) (holding *prima facie* case under ADEA requires greater evidence of discriminatory intent than *prima facie* case under Title VII). However, the Fifth Circuit has explicitly rejected this view. *See Thornbrough,* 760 F.2d at 642–43. *See also Co-*

*burn v. Pan American World Airways, Inc.,* 711 F.2d 339, 342–43 (D.C.Cir.), *cert. denied,* 464 U.S. 994, 104 S.Ct. 488, 78 L.Ed.2d 683 (1983); *Massarsky v. General Motors,* 706 F.2d 111, 118 & n. 13 (3d Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983); *Oxman v. WLS–TV,* 609 F.Supp. 1384, 1390–91 (N.D.Ill. 1985).

**6.** In *Foster v. MCI Telecommunications Corp.,* 773 F.2d 1116 (10th Cir.1985), we stated that the plaintiff in a reduction-in-force case must show he was "as qualified" as the retained workers in order to establish a *prima facie* case. However, careful rereading of the case relied on as support for this statement, *United States Postal Serv. Bd. of Governors v. Aikens,* 453 U.S. 902, 101 S.Ct. 3135, 69 L.Ed.2d 989 (1981), convinces us this statement was inaccurate.

issue for trial" and evidence " 'significantly probative' as to any [material] fact claimed to be disputed." *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983) (quoting *Ruffin v. County of Los Angeles,* 607 F.2d 1276, 1280 (9th Cir.1979), *cert. denied,* 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980)). Thus, plaintiffs' mere conjecture that their employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment.

■ Mrs. Branson presented no evidence showing that the decision to eliminate her job was motivated by age discrimination and admits she would have required at least minimal training to assume any of the positions retained by younger employees. Her assertion that Price River should nonetheless have retained her is insufficient to create a genuine issue of fact regarding Price River's articulated reasons for her discharge and avoid summary judgment. The ADEA does not require employers to accord members of the protected class preferential treatment, but only that they treat age neutrally. *See Williams,* 656 F.2d at 129–30.

Mrs. Saccomanno also failed to create a genuine issue of fact regarding Price River's articulated reasons for her discharge. She admits Mr. Anderson "felt" she was less qualified than Mr. Hanson for the accounting department's remaining position and claims only that she was *in fact* equally or more qualified than Mr. Hanson. As courts are not free to second-guess an employer's business judgment, this assertion is insufficient to support a finding of pretext. *See Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1223 (7th Cir. 1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). It is the perception of the decision maker which is relevant, not plaintiff's perception of herself. *Smith v. Flax,* 618 F.2d 1062, 1067 (4th Cir.1980). Consequently, the district court's order of summary judgment was appropriate.

AFFIRMED.