937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
William PERRY, Plaintiff-Appellant,
v.
TRW ELECTRONICS PRODUCTS, INC., Defendant-Appellee.
 No. 90-1160.
 United States Court of Appeals, Tenth Circuit.
 July 9, 1991.
 
 1
 Before STEPHEN H. ANDERSON and McWILLIAMS, Circuit Judges, and ALLEY, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 WAYNE E. ALLEY, District Judge.
 
 
 4
 This is an appeal from judgment on a jury verdict in favor of defendant TRW Electronic Products, Inc. ("TRW") on plaintiff William Perry's claims under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634. On appeal, Perry asserts that the district court erred in granting TRW's motion in limine to exclude the testimony of Perry's expert witness. Perry also contends that the district court's exclusion of Perry's own testimony at trial about the relative qualifications of TRW employees was reversible error. We find that the exclusion of evidence was not an abuse of discretion and therefore affirm.
 
 I.
 BACKGROUND
 
 5
 Perry worked at TRW from 1971 until he was laid off on March 2, 1987. Perry was then 56 years old. Perry contested the lay-off through internal grievance procedures and on March 26, 1987 filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that his lay-off was the result of age discrimination.
 
 
 6
 In May 1987, Perry was recalled to work as a program manager at TRW. On August 24, 1987, Mac Brinton, Vice President and General Manager of TRW, distributed an interoffice memorandum to all employees announcing the possibility of lay-offs and specifying that lay-off decisions would be made on the basis of "performance, ability, and seniority," making use of "prior performance rankings and performance appraisals in personnel files." Rec., supp. vol. I, at Ex. 1. On September 14, 1987, Brinton sent to G.W. Rawson, TRW Human Relations Manager, a memorandum listing ten criteria for ranking program managers. Id. at Ex. 2. This memorandum, which was not distributed to the general employee population, enumerated the following criteria:
 
 
 7
 1. Demonstrated experience to manage a profitable program (FFP or FPI)
 
 
 8
 2. Ability to interface effectively with functional management
 
 
 9
 3. Technical background (worked as engineer or senior technician
 
 
 10
 4. Manufacturing background (worked in production, materials or manufacturing engineering)
 
 5. Technical education (engineering degree)
 6. Business/accounting knowledge
 7. Product knowledge
 8. Customer knowledge
 9. Years of experience as PM at TRW
 10. Years of industry experience as PM
 
 11
 Id.
 
 
 12
 In October 1987, four TRW management personnel met to rank eleven program managers, including Perry. The criteria in Brinton's two memoranda were not uniformly or consistently applied by the four managers. They did not use a matrix based upon the ten criteria in the second memorandum and did not confine the sources of information as specified in the first. Instead, each manager individually and subjectively ranked the eleven program managers; the individual rankings were then compiled into an aggregate ranking. As a result of this process, Perry was ranked last and was selected to be laid off. Perry filed a second EEOC charge on November 23, 1987, alleging that the second lay-off was the result of age discrimination and was in retaliation for having filed his first charge. On January 9, 1989, Perry filed the instant suit.
 
 II.
 EXCLUSION OF EVIDENCE
 
 13
 On this appeal, Perry raises two issues with respect to the exclusion of evidence. No issue is presented here that the criteria or procedure used in the lay-off decision (to include ignoring the criteria) themselves entitle him to appellate relief. The decision to exclude evidence is within the sound discretion of the trial court "and will not be reversed absent a clear abuse of discretion." Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir.1990) (emphasis in original) (quoting Agristor Leasing v. Meuli, 865 F.2d 1150, 1152 (10th Cir.1988)).
 
 
 14
 The first issue raised by Perry concerns the proposed testimony of Dominic Verrastro, a former manager in personnel/labor relations for Martin Marietta. In preparation for trial, Perry retained Verrastro to review and analyze the personnel files of Perry and the other ten program managers. Perry intended to use Verrastro at trial as an expert witness. Verrastro would have testified that he reviewed the personnel files of the eleven program managers, from which he extracted information relevant to the ten criteria listed in Brinton's September 14th memorandum. In addition, Verrastro interviewed Perry regarding the profitability of the programs he had managed. Based on this analysis, Verrastro was prepared to testify that application of the ten criteria could not have resulted in Perry's last-place ranking. In fact, when Verrastro ranked the program managers using the ten criteria, Perry ranked first.[1] Rec., supp. vol. I, at Ex. 3.
 
 
 15
 On April 17, 1990, TRW filed a motion in limine to exclude Verrastro's testimony. TRW contended that Verrastro's testimony was not necessary to assist the jury, that his opinion was irrelevant and not probative on the issue of discrimination, and that the possibility of prejudice to TRW outweighed the relevance of the testimony. After reviewing the briefs and hearing oral argument by counsel, the district court granted TRW's motion. The trial judge excluded Verrastro's testimony on the grounds that Verrastro was not qualified as an expert, his opinion was based on incomplete data, his testimony would be prejudicial to TRW because it would invite the jury to substitute Verrastro's judgment for the company's judgment and Verrastro's opinion was not probative of the key issue in the case.
 
 
 16
 The Federal Rules of Evidence provide for testimony by expert witnesses if such testimony "will assist the trier of fact." Fed.R.Evid. 702. The thrust of the trial court's ruling was that Verrastro's testimony was simply not necessary in order for the jury to understand the evidence or to determine a fact in issue.[2] "[E]xpert testimony is not necessary where the matter in issue is such that the jury can be expected to draw the correct inferences from the facts presented." United Telecommunications, Inc. v. American Television and Communications Corp., 536 F.2d 1310, 1317 (10th Cir.1976). Perry's argument that the aerospace and defense contract industry is highly specialized does not undermine the district court's discretionary conclusion that comparing qualifications of employees is not a complicated matter requiring the assistance of expert testimony.[3] Further, the import of Verrastro's opinions was suspect in any event because of concessions he made in his deposition that the district court considered. He conceded that the personnel files he reviewed were not all complete enough for the formulation of a sound evaluation; that his own evaluation was in the main subjective; that it would be proper for TRW management to give greater weight to some factors than to others; and that there was a basis for good-faith disagreement about relative performance evaluations. For this reason alone, one could reasonably regard the proposed testimony as unhelpful because it is so flaccid. The trial court's exclusion of Verrastro's testimony was not an abuse of discretion.[4]
 
 
 17
 Perry's second issue concerns the trial court's exclusion of Perry's testimony regarding the relative qualifications of the eleven program managers using Brinton's ten criteria. TRW objected to Perry's testimony on the ground that Perry's opinion of how he ranked was not relevant. The trial court sustained the objection.
 
 
 18
 In his brief to this Court, Perry claims that he was precluded from testifying about "the brute facts of his employment experience with TRW." Plaintiff-Appellant's Opening Brief at 25. Yet, Perry had already testified in great detail about his employment history. Rec., Vol. VII, at 3-23, 28-33. Therefore, any further testimony along these lines would have been cumulative. It is apparent from the questions asked that Perry would have testified regarding his perception of his qualifications versus his perception of the qualifications of the other ten program managers. The trial court correctly held that this was not relevant evidence. At issue in this case is TRW's perception of the relative qualifications of the eleven program managers and whether that perception was tainted by discrimination based on age. See Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir.1988); Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir.1980). The trial court committed no abuse of discretion in precluding Perry's testimony; and in any event this Court is without anything specific to review because Perry provided no offer of proof so as to preserve the issue on appeal. See Federal Rule of Evidence 103(a)(2).
 
 
 19
 The gist of Perry's argument here is that: "I was so good compared to my competitors that the jury, if they had had the benefit of the excluded evidence as to how good I was, would have inferred that age had to be the reason for my termination." All we are deciding is that the trial court properly exercised discretion in controlling the means of proof as to how good Perry and his competitors were.
 
 
 20
 In sum, we find no merit in Perry's argument for reversal. The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Perry argues that Verrastro's testimony was vital to his case because it would have "permitted the jury to infer that the ten criteria specified by TRW in Brinton's memo of September 14, 1987, were not applied to Perry." Plaintiff-Appellant's Opening Brief at 17. This is a non-issue. It is conceded that the criteria were not used. Perry, however, was not entitled to have the criteria applied to him. The ten criteria do not rise to the level of a termination policy contained in an employee handbook. See Churchey v. Adolph Coors Co., 759 P.2d 1336, 1348-49 (Colo.1988). Brinton's memorandum was not disseminated to the general employee population. Thus, Perry had no right to enforce use of the criteria with respect to his termination under either a contract or a promissory estoppel theory, no matter what his age. Id
 
 
 [2]
 In response to the statement by Perry's counsel that Verrastro had performed a careful analysis of the personnel records, the trial court responded that such analysis did not require any particular expertise. Rec., vol. III, at 13. This is a reasonable observation based upon common knowledge and common sense
 
 
 [3]
 See Patterson v. McLean Credit Union, 805 F.2d 1143, 1147 (4th Cir.1986), aff'd in part and rev'd in part, 491 U.S. 164 (1989) (exclusion of expert's testimony comparing relative qualifications of employees not an abuse of discretion); Hill v. Seaboard Coast Line R.R. Co., 767 F.2d 771, 776 (11th Cir.1985) (exclusion of expert's testimony that promoted employees were more qualified than plaintiffs was not error). The fact that the personnel records in question consisted of more than 1000 pages does not indicate that the jury was incapable of reading and understanding the material contained therein. See In re U.S. Financial Securities Litigation, 609 F.2d 411, 430-31 (9th Cir.1979), cert. denied 446 U.S. 929 (1980). In addition, Fed.R.Evid. 1006 permits the use of charts or summaries of voluminous material. Nothing in the trial court's ruling on TRW's motion in limine precluded Perry from synthesizing the important data from the personnel records in this fashion
 
 
 [4]
 The trial court's concern that Verrastro's opinion was based on incomplete records did not support the exclusion of his testimony. This failing goes to the weight of his testimony, not its admissibility