TACHA, Circuit Judge,
concurring in part
and dissenting in part.
I concur in the judgment, except with respect to plaintiff Ruth Noran. I write separately to express my view that this Circuit’s .treatment of pretext evidence has inappropriately circumscribed district courts’ powers under Rule 56 of the Federal Rules of Civil Procedure.[1]
In a discrimination suit, once a plaintiff has made a prima facie showing of discrimination and the defendant has rebutted the presumption created by that showing with a legitimate, nondiscriminatory reason for the employment decision, this Circuit has held (as the majority does today) that if the plaintiff employee then advances evidence that the defendant’s alleged nondiscriminatory reasons are pretextual (i.e. unworthy of belief), the defendant employer cannot succeed at the summary judgment stage. See Ingels v. Thiokol Corp., 42 F.3d 616, 622 (10th Cir.1994). I believe the proposition that an employer can never succeed at summary judgment upon a plaintiffs showing of pretext is inconsistent with Rule 56 and is not, as we have presumed, dictated by Supreme Court precedent.
It is my conclusion that to defeat summary judgment in an employment discrimination suit, a plaintiff must present evidence that (1) creates a genuine issue of material fact as to whether the employer’s stated reason was not actually what motivated the employer and (2) from which a reasonable juror could infer that unlawful discrimination was a determinative factor in the plaintiffs termination. See Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir.1996) (en banc); Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 440-441 (11th Cir.1996) (per curiam), cert. denied, — U.S. -, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997); Woods v. Friction Materials, Inc., 30 F.3d 255, 260 n. 3 (1st Cir.1994); but see Sheridan v. DuPont, 100 F.3d 1061, 1067 (3d Cir.1996). Not only must the plaintiff produce evidence of pretext, but the pretextual evidence must be of a nature or quality from which a reasonable jury could infer illegal discrimination. This is a legal determination required by Rule 56.
Randle v. City of Aurora, 69 F.3d 441 (10th Cir.1995), is the case in which we most completely articulated the rule that a district *1177 court must always deny an employer’s motion for summary judgment upon the plaintiffs showing of pretext. Id. at 451-53. In that case, we were faced with the question whether a plaintiff asserting employment discrimination “must come forward with some direct evidence that the [employer] was motivated by an illegal discriminatory animus” in order to survive summary judgment. Id. at 451. Such a requirement has been termed the pretext-plus approach. See Marx v. Schnuck Markets, 76 F.3d 324, 328 (10th Cir.1996). In Randle, we concluded that a plaintiff does not need to produce direct evidence of discrimination to survive summary judgment. I am in full agreement with that conclusion and this Circuit’s rejection of the pretext-plus approach. The federal discrimination statutes do not require a plaintiff to provide direct evidence of illegal discrimination. Direct evidence is “[e]videnee, which if believed, proves [the] existence of [a] fact in issue without inference or presumption.” Black’s Law Dictionary 316 (abr. 6th ed.1991). Our rejection of the pretext-plus standard, however, should only be read as a rejection of the requirement that a plaintiff must produce such direct evidence of discrimination. Rejection of the pretext-plus standard does not and should not reheve a plaintiff of the burden of proffering evidence that is in some regard probative of the defendant’s alleged discriminatory motive. Yet, that is exactly what the language of Randle and other cases in this Circuit have done. Although we should not require direct evidence of discrimination, we should always require good evidence — evidence from which a reasonable juror could infer illegal discrimination — for a plaintiff to be able to prevail.
The question I raise here, then, is whether a plaintiff who has presented evidence from which a court could conclude that an employer’s proffered nondiscriminatory reason is pretextual (i.e., unworthy of belief) has necessarily established pretext upon which a jury could infer discriminatory motive. I think the answer to the question is clearly no. We have never addressed this question squarely, even though the language of our cases seems to preclude such an approach. See, e.g., Randle, 69 F.3d at 452 n. 17, 453; Ingels, 42 F.3d at 622. We would not place an excessive or impermissible burden on plaintiffs by requiring pretext evidence to be of such a nature or quality that a reasonable jury could infer discriminatory conduct. Indeed, in considering a summary judgment motion, the court must view the evidence and inferences in the light most favorable to the employee-plaintiff. See Zimmerman v. First Fed. Sav. & Loan Ass’n, 848 F.2d 1047, 1051 (10th Cir.1988).
For a case to proceed beyond the summary judgment stage, there must be a “genuine issue as to any material fact.” F.R.C.P. 56(c). If a plaintiffs evidence of pretext is not legally sufficient to support any inference of illegal discrimination, there is no genuine issue of any material fact, and the case should not go to the jury. Cf. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir.1988) (“Because no reasonable inference of a property or liberty interest can be drawn from [the] complaint and supplemental evidence, summary judgment is appropriate as to the due process claims.”). If, on the other hand, the plaintiffs evidence of pretext does support an inference of discrimination, there is a genuine issue of material fact and the court must send the ease to the jury. The factfin-der’s role is not compromised in any regard.
In an employment discrimination suit, the factfinder’s task is to determine whether an employer was motivated by discriminatory animus, but the factfinder can only consider the evidence if the evidence is legally sufficient to support such a finding of discrimination. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding that “the inquiry ... [at summary judgment is] whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law”). The rule in this Circuit, however, is that an employment discrimination suit will always go to the jury so long as the evidence is sufficient to allow the jury to disbelieve the employer’s proffered reason for the employment action. See Randle, 69 F.3d at 451 n. 15. This per se rule precludes a district court from engaging in a separate inquiry into whether that evidence is legally sufficient to support a finding of discrimina *1178 tion. It is this per se rule that I take issue with here. Merely because a plaintiff has proffered evidence of pretext does not and should not mean that her evidence is necessarily legally sufficient to support a finding of discrimination. In my judgment, adherence to this per se rule eviscerates the requirement of Rule 56 and the Supreme Court’s Liberty Lobby decision that there must be a genuine issue of material fact for the ease to proceed beyond summary judgment.
An example from this ease will help illustrate my point. Plaintiff William Henson was terminated from job code 276X, along with eight other employees. Henson established a prima facie ease of discrimination. Defendant Seagate proffered as its nondiscriminatory reason for the lay-off that operational requirements dictated a reduction of nine employees in that job code. Then, Henson presented evidence that immediately pri- or to and during the lay-off, Seagate was advertising for four open positions in the same job code. On these facts, there is sufficient evidence to disbelieve Seagate’s proffered reason for the lay-off. Henson has established pretext. Furthermore, at the time of the layoff, Henson was 52 years old. Of the other eight employees that Seagate terminated, four were over 40 years old. Because several of the terminated employees were above age 40, the pretext evidence and its surrounding context are such that a juror could reasonably infer that age was a determinative factor in Seagate’s employment decision. Thus, the additional facts help to create a genuine issue of material fact about whether Seagate illegally discriminated against Henson. The question should go to the jury, which will make the ultimate decision whether or not to draw an inference of illegal discrimination.
If we change the facts, though, I think the conclusion also changes. If Henson had been the only employee of the nine terminated who was over the age of 40, there would no longer be a genuine issue of material fact. There would still be' sufficient evidence to disbelieve Seagate’s proffered reason for the lay-off because at the same time of the RIF, the company was advertising for positions in the same job code from which it was laying off workers. Thus, Henson would still have established pretext. In my judgment, though, there would be no genuine issue of material fact for trial because a jury could not reasonably conclude, on this evidence alone, that unlawful discrimination was a determinative factor in the plaintiffs termination. Discrimination comes in many shapes and sizes, but some sizes and shapes are too peculiar to support a jury verdict without additional or better evidence. The majority’s assertion that we cannot consider Seagate’s treatment of other employees misses my point. See maj. op. at 1165 n. 2. We have an obligation to consider the quality of the pretext evidence that the plaintiff proffers. See Liberty Lobby, 477 U.S. at 254, 106 S.Ct. 2505 (requiring summary judgment courts to evaluate the “quality and quantity” of the plaintiffs evidence). The majority suggests that a plaintiff should prevail at summary judgment unless there is no “possible inference of [discriminatory animus] to be drawn from” her pretext evidence. Maj. op. at 1165 n. 2. I disagree. To succeed at the summary judgment stage, a plaintiff must present pretext evidence that supports a reasonable inference of discrimination. Merely because an inference of discrimination is possible does not make it reasonable. In the facts of my hypothetical, while I acknowledge that an inference of discrimination is possible, I do not think that such an inference is reasonable given that the plaintiff was the only employee of the nine terminated who was over the age of 40.
This interpretation of Rule 56 in the employment discrimination context ensures that an employer will not be held liable for conduct that is not prohibited by the discrimination statute at issue. There is, of course, always a risk that a jury will incorrectly find an employer liable for discrimination because such cases always require the jury to consider conflicting evidence and evaluate the credibility of witnesses. The risk that a jury will make an incorrect finding is greatly increased, however, when the court is precluded from evaluating whether the evidence creates a genuine issue of material fact as to the ultimate question at issue in the case, namely, whether discrimination occurred. Cf Rhodes, 75 F.3d at 993 (concluding that when *1179 plaintiff has established pretext, “we are convinced that ordinarily [a verdict for plaintiff] would be supported by sufficient evidence, but not always. The answer lies in our traditional sufficiency-of-the-evidence analysis.”).
We have presumed, as have some other circuits, that in St. Mary’s Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), the Supreme Court foreclosed the approach that I suggest here. Indeed, Hicksis the case from which our Circuit developed its current rule on pretext at the summary judgment stage. See Ran-dle, 69 F.3d at 451. Hicks addressed whether, following a bench trial, a court must necessarily enter judgment for an employee-plaintiff upon a finding that the reasons offered by the employer for the employee’s discharge were pretextual. The Court concluded that despite a factual finding of pretext, a plaintiff is not necessarily entitled to judgment as a matter of law, and the employer may prevail if the factfinder is also convinced that the employer was not motivated by discriminatory animus.
The Court, however, did not address the question that I pose here: whether, despite a showing of pretext, the court can enter judgment as a matter of law for the employer at the summary judgment stage. The following oft-quoted language from Hicks is the source of the disagreement on this question:
The factfinder’s disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of a prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant’s proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, ... [and] upon such rejection, “[n]o additional proof of discrimination is required.... ”
Hicks, 509 U.S. at 511, 113 S.Ct. 2742 (emphasis added). The Eleventh Circuit concluded, I think correctly, that “[t]he first sentence of this passage shows that disbelief of the employer’s proffered reason may (and by implication, may not) be enough for a plaintiff to overcome an employer’s motion” for summary judgment. Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 436 (11th Cir.1996) (per curiam), cert. denied, — U.S.-, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997). The Court’s use of the term “permit” in the second sentence also indicates that the inference of discrimination upon evidence of pretext is allowed, but not mandatory. See id. The two sentences, “when read together, at least strongly suggest that rejecting the employer’s proffered reason is not always sufficient to allow a finding of discrimination, although sometimes ... it might be.” Id. (emphasis in original). The language from Hicks is not so emphatic as to require courts to automatically deny a defendant’s summary judgment motion when pretext has been established. Thus, I agree with the sensible interpretation of this language from Hicks offered by a noted commentator:
[T]he Court made these statements in the context of a fully tried case. It was the plaintiff who wanted judgment as a matter of law, in order to stop the factfinder from considering the full range of evidence, including evidence undercutting the inference of intentional discrimination. The Court only said that this effort to block consideration of all the evidence must fail. The Court did not purport to limit the availability of summary judgment to either party upon consideration of all of the evidence relevant to pretext. Indeed, the Court stressed in Hicks that once a McDonnell Douglas-Burdine ease reaches the pretext stage, it is to be treated like any other civil case. Nothing in Hicks remotely suggests that the Court is of the general view that questions of intent cannot be resolved through summary judgment.
Deborah C. Malamud, The Last Minuet: Disparate Treatment After Hicks, 93 Mich. L.Rev. 2229, 2305 (1995).
The Supreme Court’s ultimate conclusion in Hicks was that in some cases, even though facts are established at trial that cause the factfinder to disbelieve the employer’s proffered reason for its employment action, application of the law to those facts will result in a jury verdict for the employer. See Hicks, 509 U.S. at 508-11, 113 S.Ct. 2742; Isenbergh, 97 F.3d at 442. The Supreme Court in *1180 Hicks “did not contract, but expanded, the universe of discrimination cases where judgment for employers would be permissible.” Id. at 443. Thus, I also agree with the Eleventh Circuit in its conclusion that—
the Supreme Court would not declare such an important new rule — the rule which [Randle ] sees in Hicks — in a case in which the new rule plays no vital part in the decision____ [T]he Supreme Court would have set out such an important new rule— one that, in effect, partly nullifies two of the Federal Rules of Procedure [i.e., Rules 50 and 56] — conspicuously and plainly so that no Article III judge could miss it.
Isenbergh, 97 F.3d at 442.
Notwithstanding my above homily, with respect to plaintiff Noran, I do not even think she has proffered sufficient evidence to establish pretext. The majority relies on Exhibit 53 as evidence of pretext as to No-ran. Exhibit 53 was a preliminary document compiled by Seagate in which the company was attempting to gather a large quantity of information regarding thousands of employees in order to identify which employees should be terminated in the reduction in force. The CHAPA report contains the final list of employees terminated in the RIF. According to the CHAPA report, most of the employees, though not all, targeted for termination in Exhibit 53 were ultimately terminated in the RIF. In my judgment, nothing in Exhibit 53 suggests that Seagate was untruthful in implementing the RIF criteria generally or with respect to Noran. Our decision in Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir.1988), requires the nonmovant’s evidence of pretext to be “specific” and “probative.” In my judgment, Exhibit 53 is not “probative” of pretext. Exhibit 53 contains mistakes and inconsistencies that any preliminary document would contain when a business is attempting to compile large amounts of data on its workforce. The majority states that this “alternative inference ... is certainly permissible, but it is not our role to choose among reasonable inferences.” Maj. op. at 1170 n. 7. In evaluating this evidence, even drawing all inferences in favor of Noran, I find that Exhibit 53 does not provide any reasonable basis to believe that Seagate’s proffered reason for Noran’s termination — the RIF and its implementing criteria' — is untrue. I merely disagree with the majority regarding the probative value of Exhibit 53. Thus, I would hold that Noran has not proffered any evidence of pretext.
I concur in the judgment, except with respect to plaintiff Noran.

. The standards for a summary judgment motion under Rule 56 are the same as a Rule 50 motion for judgment as a matter of law at the conclusion of trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Some of the circuits that have held as I propose here have articulated their rule upon review of a Rule 50 motion. See, e.g., Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir.1996) (en banc). For the sake of brevity, I refer only to Rule 56.