**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD CARLSON; LOREN
BERENTSON; and DAVID
SHOTKOSKI,

      Plaintiffs-Appellants,

v.

COORS BREWING COMPANY,

      Defendant-Appellee.

No. 99-1150
(D.C. No. 97-B-2257)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **McWILLIAMS**, and **KELLY**, Circuit Judges.

Ronald Carlson, Loren Berentson and Davis Shotkoski, all employed as pipefitters at Coors Brewing Company ("Coors"), were laid off on March 8, 1996, because of, according to Coors, a reduction-in-force. Carlson was 56 years old at the time of his termination and had worked for Coors for 24 years. Berentson was 53 years old at the time of his termination and had worked for Coors for 21 years. Shotkoski was 46 years old when terminated and had worked for Coors for 8 years.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In an amended complaint filed in the United States District Court for the District of Colorado on June 9, 1998, Carlson, Berentson and Shotkoski alleged that in terminating their employment, Coors violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.* They also alleged several state pendent claims, including breach of contract, breach of covenant of good faith and fair dealing, and promissory estoppel. (The plaintiffs on August 28, 1998, dismissed their fifth claim for violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.*). On September 15, 1998, Coors moved for summary judgment. After argument, the district court on January 29, 1999, granted Coors' motion and on February 2, 1999, entered judgment for Coors on plaintiffs' ADEA claim, as well as on their state claims. Plaintiffs appeal therefrom, contending that summary judgment was improper.

In its order granting Coors' motion for summary judgment, the district court analyzed, in considerable detail, the evidentiary matter before it and then set forth its reasons for granting the motion. In so doing the district court applied the rubric of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under *McDonnell Douglas*, a plaintiff may establish a *prima facie* case of age discrimination by showing that he, or she, (1) is within the protected age group; (2) was doing satisfactory work; (3) was demoted or discharged despite the adequacy of his work; and (4) was replaced by a younger person. The district court noted that the fourth element had been modified by requiring a plaintiff to "produce evidence, circumstantial or direct, from which a

factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue," *Lucas v. Dover Corp.,* 857 F.2d 1397, 1400 (10th Cir. 1988) *quoting Branson v. Price River Coal Co.,* 853 F.2d 768 (10th Cir. 1988) *quoting Williams v. General Motors Corp.,* 656 F.2d 120, 129 (5th Cir. Unit B 1981), *cert. denied* 455 U.S. 943 (1982).

In the district court, the parties were in dispute over this fourth element, that is, whether there was a sufficient showing by the plaintiffs that Coors intended to discriminate against the plaintiffs because of their age. (Coors agreed that the first three elements of *McDonnell Douglas* were met.) In this general connection, the district court noted that it was Coors' position that in creating new senior specialist job classifications and providing merit testing therefor, Coors was simply making legitimate business decisions to respond to changing needs, whereas the plaintiffs' position was that the real reason for the change in employment practices was to circumvent any contractual obligation to lay off according to strict seniority. From the record before it, the district court then went on to hold that the "plaintiffs have failed to meet their burden to show the existence of a genuine issue of material fact whether Coors intended to discriminate against older workers through the creation of a senior specialist job classification." It was on this basis that the district court entered summary judgment on plaintiffs' age discrimination claim. (The district court did not reach the issue of whether Coors had shown a legitimate, non-discriminatory business reason for its actions, and, if so, whether

the plaintiffs had met their burden of showing pretext.)  Some limited background is in order.

In early 1995, Coors decided to create within its construction/fabrication division a new senior specialist classification and require merit testing for entry therein.  Plaintiffs all took the examination, but others, some older and some younger, got higher scores on the examination, and plaintiffs were not selected for the new classification.  At a meeting in May, 1995, the new classifications were explained to the affected employees, at which time, in response to a question, a supervisor stated that no layoffs were as of that time anticipated. In this connection, plaintiffs suggest that if they had known that layoffs might occur, they would have studied harder for the tests and made higher scores.  Be that as it may, there is nothing in the present record to indicate that the May statement was incorrect.  And, as above stated, plaintiffs were not laid off until March 8, 1996.

In *Chavez v. Coors Brewing Company,* 1999 WL 162606 (10th Cir. 1999), an unpublished order and judgment, we were concerned with the self-same Coors senior specialist positions as are under attack here.  Chavez challenged the changed classification and the merit selection process for membership therein on the ground that it violated Title VII, 43 U.S.C. § 2000e, *et seq.*, the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.,* and breach of contract.  The district court granted Coors' motion for summary judgment on the grounds that Coors had articulated a legitimate, non-pretextual business reason for laying off Chavez.  In the course of our order and judgment

in *Chavez*, we said "[a] change of policy from seniority-based to skill-based evaluations does not, without more, establish evidence of unlawful discrimination." We recognize that *Chavez*, being an unpublished order and judgment, is not binding precedent, but we find its reasoning quite persuasive. It is, of course, significant that the Coors' plan here under attack is the same plan which we upheld in *Chavez*.

Laying *Chavez* aside, our study of the present record convinces us that the district court did not err in concluding that the plaintiffs had not made a sufficient showing that Coors "intended to discriminate against older workers through the creation of a senior specialist classification" and had thus failed to meet the "fourth element" of the *McDonnell Douglas* rubric. *See Lucas v. Dover Corp.,* 857 F.2d at 1400, *and Branson v. Price River Coal,* 853 F.2d 768 (10th Cir. 1988). On that basis we affirm the district court's grant of summary judgment for Coors on plaintiffs' claim of age discrimination.

In addition, the record would appear to support a finding that Coors had articulated a legitimate, non-pretextual reason for its actions, although the district court did not reach that matter, having held that the plaintiffs had not made a *prima facie* showing of age discrimination.

As indicated, the district court also granted summary judgment for Coors on plaintiffs' pendent state claims. We are not inclined to disturb the district court's understanding of Colorado law and its application thereof to the present facts.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Circuit Judge