FILED
United States Court of Appeals
Tenth Circuit

May 12, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ERIC WOLFF,

    Plaintiff - Appellant,

v.

UNITED AIRLINES, INC.,

    Defendant - Appellee.

No. 20-1119
(D.C. No. 1:18-CV-00591-RM-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.

_____

This case grew out of Mr. Eric Wolff's employment with United Airlines. In July 2016 he entered his workplace, the Denver airport, with an item regarded as a weapon. United warned him that another instance of unacceptable performance would result in termination. But within the next

---

[*]    Because oral argument would not materially help us to decide the appeal, we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

.

year, he arrived late or left early 39 times in a span of only about 100 days. So United decided on June 14, 2017, to fire Mr. Wolff. But before United could tell him that he was fired, he complained of gender discrimination.

United proceeded with the firing and Mr. Wolff sued, claiming violations of federal and state law based on gender discrimination, retaliation, breach of contract, promissory estoppel, fraud, and negligent misrepresentation. The district court dismissed some of the claims and granted summary judgment to United on all of the remaining claims. We affirm these rulings.

## I.   Dismissal: State-law Claims for Breach of an Implied Contract, Promissory Estoppel (against retaliation for a complaint of gender discrimination), and Fraud

The district court dismissed the claims for breach of an implied contract, promissory estoppel (against retaliation for complaining of gender discrimination), and fraud. These clams had grown out of United's alleged promises

- to allow an appeal from the termination and

- to refrain from retaliating for a complaint about discrimination.

### A.   Standard of Review

In considering the dismissal, we conduct de novo review. *Strain v. Regaldo*, 977 F.3d 984, 989 (10th Cir. 2020). When conducting this review, we consider whether Mr. Wolff has alleged enough facts to state a facially plausible claim. *Id*.

2

## B. Breach of an Implied Contract and Promissory Estoppel (based on the promise not to retaliate)

The standards and underlying allegations are similar on the claims of promissory estoppel and breach of an implied contract.

To determine the standards for these claims, we apply Colorado law. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1237 n.2 (10th Cir. 2020). For promissory estoppel, Mr. Wolff needed to plead a factual basis to infer "(1) a promise; (2) that [United] reasonably should have expected would induce action or forbearance by [Mr. Wolff] or a third party; (3) on which [Mr. Wolff] or [the] third party reasonably and detrimentally relied; and (4) that must be enforced in order to prevent injustice." *Pinnacol Assurance v. Hoff*, 375 P.3d 1214, 1221 (Colo. 2016). For an implied contract, he needed to plead an alleged promise with enough specificity for the court to enforce the promise. *Geras v. Int'l Bus. Machs. Corp.*, 638 F.3d 1311, 1315 (10th Cir. 2011).

In claiming promissory estoppel and breach of an implied contract, Mr. Wolff alleged that

- United had promised not to discipline employees for complaining to management or to the ethics/compliance office and

- two United supervisors had answered questions about the appeal process, implying that United would permit an appeal from the firing.

3

The district court dismissed these claims, concluding that the alleged promises were too vague to suggest promissory estoppel or breach of an implied contract. We agree with the district court's characterization of the alleged promises.

## C.     Fraud

Mr. Wolff also sued for fraud. For a fraud claim, the pleader must allege facts showing a factual misrepresentation and damages from reliance on the misrepresentation. *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 420 P.3d 223, 234 (Colo. 2018). The district court dismissed this claim, reasoning that the complaint contained no allegation of a factual misrepresentation. On appeal, Mr. Wolff disagrees, arguing that he adequately alleged that United had exaggerated his faults and used pretext to justify the firing.

For the sake of argument, we can assume that these allegations involved factual misrepresentations. But they do not suggest that Mr. Wolff relied on these misrepresentations, and his lack of reliance would require us to affirm the dismissal. *See United States v. A.S.*, 939 F.3d 1063, 1071 (10th Cir. 2019) (stating that we have discretion to affirm on any ground adequately supported by the record). Given the failure to adequately allege reliance, we uphold the dismissal of Mr. Wolff's fraud claim.

**II.** **Summary Judgment: Promissory Estoppel (based on the promise to permit an appeal), Gender Discrimination under Title VII, and Retaliation under Title VII**

With the partial dismissal, three claims remained. Two were based on Title VII of the Civil Rights Act of 1964 (gender discrimination and retaliation); the third claim involved promissory estoppel from United's alleged promise to permit an appeal from the firing. The district court awarded summary judgment to United on all of these claims.

**A.** **Order Striking a Declaration**

In challenging the award of summary judgment, Mr. Wolff relies in part on a declaration by a former United employee, Ms. Rhonda Eachus. In her declaration, Ms. Eachus said that she had been allowed to appeal her own firing. But the district court struck the declaration, concluding that Mr. Wolff had failed to include Ms. Eachus in his initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

If Mr. Wolff had an obligation to include Ms. Eachus in the initial disclosures, her declaration could not be used unless the nondisclosure had been "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). When the district court considers the existence of substantial justification or harmlessness, we apply the abuse-of-discretion standard. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). In applying this standard, we consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the

party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (internal quotation marks omitted).

Mr. Wolff insists that he disclosed Ms. Eachus before his deadline for preliminary disclosures, pointing out that

- he had listed her name as one of thirteen individuals (with no other information) in a discovery response,

- she had worked as a United supervisor at the relevant time,

- United itself had identified Ms. Eachus as someone who had appealed her termination,

- United had produced her personnel file in discovery,

- Ms. Eachus's name had appeared on a United printout of terminated employees, and

- Mr. Wolff had testified in his deposition about Ms. Eachus.

The district court concluded that these facts would not have alerted United to the likelihood that Ms. Eachus would have discoverable information. This conclusion fell within the district court's discretion.

Mr. Wolff's discovery response identified Ms. Eachus as a possible comparator, not as someone who knew about discriminatory treatment. Certainly United knew that Ms. Eachus had been terminated. But how could United have known that Ms. Eachus had been aware of discriminatory treatment of Mr. Wolff? He doesn't tell us.

6

Mr. Wolff did eventually disclose Ms. Eachus's role as a witness. By then, however, the discovery period had ended. Given the timing of this disclosure, the district court acted within its discretion by striking Ms. Eachus's declaration.

## B. Application of the Summary-Judgment Standard Based on the Remaining Evidence

The resulting issue is whether Mr. Wolff's other evidence sufficed to prevent summary judgment on his remaining claims. We answer "no."

### 1. Standard of Review

In considering the summary-judgment rulings, we apply de novo review, viewing the evidence in the light most favorable to Mr. Wolff. *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). United bears the burden to show the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). But United can satisfy this burden by simply pointing out the absence of evidence on an element of the claim. *Felkins v. City of Lakewood*, 774 F.3d 647, 653 (10th Cir. 2014). Mr. Wolff can overcome this showing only by presenting evidence of a specific fact that would create a genuine issue for trial. *Branson v. Price River Coal Co.*, 853 F.2d 768, 771–72 (10th Cir. 1988).

**2.    Promissory Estoppel (as to a promise to allow an appeal)**

The district court dismissed part of the claim of promissory estoppel, but not the part involving a promise to permit an appeal from the firing. On this part of the claim, however, the court granted summary judgment to United, reasoning that Mr. Wolff could not show reliance because he had deviated from the appeal procedure allegedly promised to him.

In challenging this ruling, Mr. Wolff argues that his evidence showed that a United attorney, Mr. Benjamin Coleman, had directed any appeal to be sent to him. But Mr. Wolff presents no evidence that he sent an appeal to Mr. Coleman. So the district court properly rejected this claim based on a lack of reliance. *See Pinnacol Assurance v. Hoff*, 375 P.3d 1214, 1221 (Colo. 2016) (stating that detrimental reliance is an element of promissory estoppel).

**3.    Gender Discrimination Under Title VII**

Mr. Wolff also claimed gender discrimination under Title VII. On this claim, Mr. Wolff relied on circumstantial evidence. As a result, he had to present a prima facie case as defined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-07 (1973). Under *McDonnell Douglas*, he had to show

- circumstances supporting an inference that United was one of the unusual employers that discriminates against males or

- facts creating a reasonable inference that a female would not have been fired in the same circumstances.

*Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006).

The district court concluded that Mr. Wolff had not made either showing. In response, Mr. Wolff argues only that several females had not been disciplined despite tardiness problems. But the summary-judgment record shows that only one of the women had a tardiness problem. And "[i]t is not enough . . . for a plaintiff merely to allege that he was a qualified man who was treated differently than a similarly situated woman." *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1150 (10th Cir. 2008). So we uphold the award of summary judgment on the Title VII claim of gender discrimination.

### 4.      Retaliation

Mr. Wolff also claims retaliation for complaining about gender discrimination. On this claim, United obtained summary judgment based on a failure to present evidence linking the firing to his complaint about gender discrimination.

To avoid summary judgment, Mr. Wolff needed to present evidence that could reasonably permit a finding that United had decided to fire him with knowledge of a protected activity (like complaining about gender discrimination). *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008). Mr. Wolff points to his various informal complaints and formal complaints on July 26, 2016, and June 16, 2017, to United's office

9

for ethics and compliance. The district court concluded that Mr. Luke David had decided to fire Mr. Wolff without knowing of any complaints. Mr. David did obtain a copy of the complaint on June 16, 2017. But the court reasoned that Mr. David had already decided to fire Mr. Wolff two days earlier.

We agree with the district court's reasoning. On appeal, Mr. Wolff does not point to any evidence suggesting that Mr. David knew about the complaint on July 26, 2016, or the informal complaints. Though Mr. David did know about the complaint on June 16, 2017, United points out that United had already decided to fire Mr. Wolff two days earlier. That decision appears in an email that United had circulated two days before Mr. Wolff complained:

**2 Days Before Mr. Wolff's Complaint**

From: Eget, Ed
Sent: Wednesday, June 14, 2017 4:56 PM
To: Melby, Chad; David, Luke; Pineda, Hermes (hermes.pineda@united.com)
Cc: Jaquith, Steve; Hettlinger, Pam; Enqvist, Toby
Subject: Attorney Client Privileged Communication - Involuntary Separation Notice Eric Wolff/Supervisor CS/DEN

INVOLUNTARY EMPLOYEE SEPARATION

1. Name of employee being terminated / Emp. Number........... Eric Wolff

2. Position held by employee / Station ..................................Sup –DEN CS

**Notice of United's Decision to Fire Mr. Wolff**

3. Seniority of employee ................................................. 6/5/2000

4. Expected Termination date ....................................... 6/16/2017

5. Description of reason(s) that employee is being terminated.

• Violation of Performance Expectations : Time theft

Mr. Wolff has been on multiple PIP's the past couple years and was partially meets for 2016. He is currently on a TW issued 7/2016 for bringing in what was deemed a "weapon" (hand held puncture item) through the employee portal after being caught by DEN HSS. When reviewing recent concerns about Mr. Wolff's whereabouts in the workplace it was discovered through time swipes that he has been coming in late and leaving early from work regularly. He was late 12 times and left 27 times early without permission since March 1st. The most recent PIP which closed October 2016 included issues with both his dependability and performance.

10

This email prevents a material factual dispute on the claim of retaliation stemming from the June 16 complaint. *See Kilcrease v. Domenico Transp. Co.*, 828 F.3d 1214, 1226–27 (10th Cir. 2016) (affirming summary judgment for an employer that had decided not to hire the plaintiff before he had asserted rights under the Americans with Disabilities Act).

### 5.    United's Alleged Spoliation

Mr. Wolff argues that United destroyed evidence. In district court, he unsuccessfully sought sanctions for the destruction of evidence. But he does not appeal the denial of sanctions. He instead asserts that United

- deleted emails and text messages that would have shown permission to arrive late and leave early and

- trashed handwritten material with supporting information, including lists of female employees treated more favorably and supervisors who had allowed him to arrive late and leave early.

But Mr. Wolff hasn't requested adoption of any favorable inferences from the alleged destruction of evidence. Without such an inference, Mr. Wolff has not shown how the alleged destruction of evidence would affect the availability of summary judgment.

11

## III. Conclusion

In our view, Mr. Wolff has not shown any errors in the district court's reasoning. We thus affirm the rulings to dismiss some of the claims and grant summary judgment on the others.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] This decision moots

- United's motion for leave to file a surreply and

- Mr. Wolff's motions for leave to file a supplemental brief and for an extension of time to file that brief.