**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JANE C. STURDIVAN,

　　　　　Plaintiff-Appellant,

v.

TRI-STATE FEEDERS, INC.,

　　　　　Defendant-Appellee.

No. 98-6412
(D.C. No. CV-98-48-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

　　　　Plaintiff appeals an adverse summary judgment ruling on her employment

discrimination claims based on gender under Title VII, 42 U.S.C. §§ 2000e to

2000e-17, and age under the Age Discrimination in Employment Act, 29 U.S.C.

§§ 621-634 (ADEA). [1]  She contends that following her termination as office

---

* 　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] 　　　After examining the briefs and appellate record, this panel has determined
(continued...)

manager with defendant feedlot operation, she was replaced by a twenty-four year old male employee. At the time of her termination, plaintiff was fifty-nine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. Accordingly, we review the record and all reasonable inferences in a light most favorable to the nonmoving party. We will uphold the district court's decision only if no genuine issue of material fact exists and the prevailing party is entitled to judgment as a matter of law. A mere scintilla of evidence supporting the nonmovant does not create a genuine issue of material fact; rather, the nonmovant must present facts from which a reasonable jury could find in its favor. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999); see also Fed. R. Civ. P 56 (e)("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").

---

[1](...continued)
unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The day before her termination, the general manager (Walter Olsen) took the office accountant (Dane Morris) with him to help fix problems with the telephone system. Mr. Morris was plaintiff's subordinate. According to plaintiff, Mr. Olsen stated he was taking Mr. Morris because Mr. Morris probably would know more about the telephone system than plaintiff did.     See Appellant's App. at 39. Plaintiff admitted she was disturbed by the fact that Mr. Morris had not informed Mr. Olsen that plaintiff was the one who had showed Mr. Morris the telephone hookups.    See id. at 39-41. Mr. Morris described plaintiff as being upset all afternoon.    See id. at 63. After he informed Mr. Olsen he could not work there any longer, Mr. Olsen decided to terminate plaintiff.     See id. at 66, 99-100.

According to Mr. Olsen, he fired plaintiff because he considered her to be a general problem, specifically that grain vendors "didn't want to deal with her," that her subordinates had unnecessary conflicts, that Mr. Morris had threatened to quit because of his inability to get along with plaintiff, and, because of "the kind of relationship [plaintiff] had with all co-workers," Mr. Olsen envisioned having to replace "whoever I replaced Dane with."     See id. at 99. Mr. Olsen further testified that plaintiff had been rude to him and he had received complaints about her from vendors and customers.    See id. at 100-01. Several people who worked under her had also complained.    See id. at 107.

In order to establish a prima facie case of gender discrimination, plaintiff was required to show that: "(1) she belonged to the protected class; (2) she was adversely affected by the decision [to terminate her employment]; (3) she was qualified for the position . . . ; and (4) she was treated less favorably than her male counterparts." Cole v. Ruidoso Municipal Sch., 43 F.3d 1373, 1380 (10th Cir. 1994).

Once the plaintiff has established a prima facie case, defendant can rebut the prima facie case of discrimination by producing some evidence of legitimate, nondiscriminatory reasons for its actions. See id. at 1379. [2] In her brief, plaintiff admits that defendant "produced a facially valid nondiscriminatory reason for her termination, i.e., that she could not get along with grain vendors and co-workers." See Appellant's Br. at 20. After defendant meets its burden of production, plaintiff must present enough evidence for a reasonable jury to conclude that defendant's proffered reason is pretextual. See Ingels v. Thiokol Corp., 42 F.3d 616, 622 (10th Cir. 1994).

Plaintiff attempted in two ways to establish that defendant's reasons for terminating her (complaints from vendors, customers, and subordinates and Mr. Morris's stated intention to quit) were pretextual, i.e., unworthy of belief. As

---

[2]   For purposes of summary judgment, the district court assumed plaintiff had established a prima facie case.

to her claim of discrimination on the basis of gender, she claimed she was replaced by Mr. Morris, who she had trained. See Appellant's App. at 132. She also contended that when two employees had complained to Mr. Olsen about a younger male supervisor, Mr. Olsen had backed the supervisor, and the complaining employees eventually quit. See id. However, there is no indication that the circumstances surrounding that situation were in any way similar to plaintiff's. She admitted that Mr. Olsen told her she was being terminated because of Mr. Morris's threatened resignation, see id. at 49, not because of age or gender. See id. at 52-53. She also admitted that Mr. Olsen had previously brought to her attention the fact that he had received a complaint about her from a customer. See id. at 51.

At the summary judgment stage, it is plaintiff's burden to show a genuine issue of material fact as to whether defendant's proffered reason for her termination is pretextual, i.e., unworthy of belief. See Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995). That she was replaced by a male employee is an element of her prima facie case, not evidence that defendant's reasons for firing her was not believable. Mr. Olsen testified that he wanted to retain Mr. Morris, who was of greater value to the company. This is no more than a simple business decision, which, good or bad, courts will not second-guess. See Sanchez

v. Philip Morris, Inc., 992 F.2d 244, 247 (10th Cir. 1993) ("Title VII is not violated by the exercise of erroneous or even illogical business judgment.").

Plaintiff has also failed to show pretext by such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in defendant's proffered, legitimate reasons for terminating her that a reasonable fact finder could rationally find them unworthy of credence and thus infer that defendant did not act for the asserted nondiscriminatory reasons. See Hardy v. S.F. Phosphates, Ltd., 185 F.3d 1076, 1080 (10th Cir. 1999). Accordingly, plaintiff has failed to establish defendant's reasons for her termination were pretextual.

Under the ADEA, it is unlawful for an employer to discharge an employee because of the individual's age. See 29 U.S.C. § 623(a)(1). In order to prevail on an ADEA claim, plaintiff must prove that her age was a determining factor in defendant's decision to terminate her. See Greene v. Safeway Stores, Inc., 98 F.3d 554, 557 (10th Cir. 1996). She need not prove that age was the only reason for her termination, but rather that age made a difference in defendant's decision. See id.

To demonstrate a prima facie case, plaintiff must show that (1) she was within the protected age group; (2) she was doing satisfactory work; (3) she was discharged despite the adequacy of her work; and (4) a younger person replaced

her. See Ingels , 42 F.3d at 621. [3] If plaintiff makes such a showing, defendant must then articulate a nondiscriminatory reason for the termination, see id. at 621, following which plaintiff must show that the proffered reason was not the true reason for the employment decision. See Cone v. Longmont United Hosp. Ass'n , 14 F.3d 526, 529 (10th Cir. 1994).

Plaintiff stated she believed that she was discharged based on her age "[b]ecause I was replaced by a much younger male." Appellant's App. at 52. When asked whether, other than the fact that her replacement was a younger man, there were other facts to support her discharge based on age, she replied, "sex, probably." See id. As noted earlier, she admitted that she was not told she was being terminated based on her age or gender. See id. Other than her belief that she was replaced because of age and gender, however, she offered no additional facts to support this claim. See id. at 53.

In sum, plaintiff has failed to show that her age had anything to do with her termination. Instead, she claims she has shown pretext based on the facts that her replacement was a twenty-four year old, Mr. Olsen had reprimanded other, younger, employees but not fired them, and that Mr. Olsen promoted her to the position of office manager after receiving complaints from grain vendors or

---

[3]     The district court also assumed plaintiff had made a prima facie case under the ADEA.

co-workers.   See Appellant's Br. at 20.  However, the evidence reflects that it was plaintiff's unacceptable behavior, and particularly the potential departure of a more valuable employee, that caused her termination.  In his affidavit, Mr. Olsen stated that plaintiff and Mr. Morris did not get along and that Mr. Morris had been persuaded not to quit on an earlier occasion.   The fact that she thought there was "no personality conflict between herself and Dane Morris, her subordinate," see Appellant's Br. at 17, is irrelevant.  "It is the manager's perception of the employee's performance that is relevant, not plaintiff's subjective evaluation of his own relative performance."   Furr v. Seagate Technology, Inc.   , 82 F.3d 980, 988 (10th Cir. 1996).

Although plaintiff did not think defendant's reason for terminating her was valid, Appellant's App.   at 49, or justified or right,   see id. at 127, this is no more than her mere conjecture that defendant's explanation is a pretext for intentional discrimination and therefore an insufficient basis for denying summary judgment. See Branson v. Price River Coal Co.   , 853 F.2d 768, 772 (10th Cir. 1988).

Accordingly, the judgment of the United States District Court for the

Western District of Oklahoma is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge