Nnameka NWAGBOLOGU,
Plaintiff–Appellant,

v.

REGENTS OF THE UNIVERSITY OF NEW MEXICO and Sheryl Patton, Defendants–Appellees.

No. 01–2160.

United States Court of Appeals,
Tenth Circuit.

April 10, 2002.

450

Before HENRY, STEPHEN H. ANDERSON, and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-mously that oral argument would not ma-terially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Nnameka Nwagbologu, appearing *pro se,* appeals from the district court's grant of summary judgment in favor of his em-ployer, the University of New Mexico, and his supervisor, Sheryl Patton, on his claim that his race, black, was a motivating fac-tor in defendants' decision to terminate his employment.[1] Because plaintiff did not present any evidence that defendants' le-gitimate, nondiscriminatory, and nonretali-atory reasons for terminating him were a pretext, we affirm.

Plaintiff worked as a staff pharmacist at the University of New Mexico Hospital (UNMH) for eighteen years. He was cov-ered by a collective bargaining agreement between his employer and his union, pur-suant to which plaintiff could be fired for 'just cause,' defined to include inefficiency, insubordination, incompetence, misconduct, and negligence. Plaintiff was disciplined on March 12, 1998, for seven different incidents involving poor customer service, inappropriate interaction with peers, and unprofessional behavior. Plaintiff protest-ed this discipline with his union, but the decision was upheld in the grievance pro-ceedings. Plaintiff was disciplined on Sep-tember 15, 1998, for improper dispensing of medication, but this discipline was re-scinded in the grievance proceedings be-cause hospital procedures were partly to blame for the error. In November 1998, plaintiff refused a direct order to sign

---

* This order and judgment is not binding prece-dent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The parties consented to proceed before a magistrate judge, pursuant to 28 U.S.C. § 636(c).

forms acknowledging he had attended two inservice training sessions until he was threatened with potential discipline for his insubordination. Plaintiff was disciplined on December 16, 1998, for failure to request leave in a timely manner and leaving the pharmacy shorthanded. This discipline was upheld in grievance proceedings.

On May 12, 1999, UNMH gave plaintiff a notice of contemplated dismissal, based on six separate medication dispensation errors that plaintiff made in a two-month period, from February 2, 1999 through March 30, 1999. These six incidents involved giving an incorrect dosage of medication, failing to question an extraordinarily high dosage incorrectly prescribed by a physician, mislabeling three different IV bags, and failing to monitor the medication given to a patient, resulting in potentially toxic medication levels. Plaintiff did not respond to the termination notice within twenty-four hours, as required, and was terminated on May 17, 1999. His termination was upheld in grievance proceedings.

Plaintiff filed suit against numerous defendants. Several parties and claims were dismissed by the magistrate judge, leaving only a claim against UNMH for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, and a claim against Patton under 42 U.S.C. § 1981 for discriminatory discharge. The magistrate judge entered summary judgment in favor of UNMH and Patton and this appeal followed.

## Summary Judgment Standard

"This court reviews a grant of summary judgment de novo, applying the same standard applied by the district court." *See Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir.1999), *cert. denied,* 529 U.S. 1110, 120 S.Ct. 1964, 146 L.Ed.2d 796 (2000) (citation omitted). "Under this standard, this court examines the record to determine whether any genuine issue of material fact is in dispute. We construe the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.* "If there are no material issues of fact in dispute, this court determines whether the district court correctly applied the substantive law. When this court reviews a grant of summary judgment, it reviews the district court's conclusions of law de novo." *Id.* (citation omitted).

## Discrimination Claims

Discrimination claims under either Title VII or § 1981 may be proved through direct evidence, which was not presented in this case, or through indirect evidence by using the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Pursuant to this framework, the plaintiff "must carry the initial burden under the statute of establishing a prima facie case of racial discrimination." *Kendrick v. Penske Transp. Servs., Inc.,* 220 F.3d 1220, 1226 (10th Cir. 2000) (quotation omitted). Once the plaintiff establishes a prima facie case, "the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action." *Id.* (quotation omitted). If the employer satisfies its burden of production, the plaintiff must then show that the employer's justification is pretextual. *Id.*

The magistrate judge held that plaintiff had made out a prima facie case of discrimination. He also ruled that the defendants had demonstrated legitimate, nondiscriminatory reasons for plaintiff's termination: namely, the pattern of numerous medication errors and the other incidents for which plaintiff had been dis-

ciplined over a period of many months. The magistrate judge concluded, for various reasons, that plaintiff had failed to meet his burden of demonstrating that defendants' reasons were pretextual.

To establish pretext, a plaintiff must show either that "a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). A plaintiff can show pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir.1997) (quotations omitted).

■ One of the established methods of proving pretext is to show that the employer treated the plaintiff "differently from other similarly-situated employees who violated work rules of comparable seriousness." *Kendrick*, 220 F.3d at 1230. Plaintiff argues on appeal that the district court should have found evidence of pretext because a similarly-situated nonminority employee was not discharged for an equally egregious medication error. In 1994, a pharmacist, who is color-blind, took the wrong medicine off the shelf, resulting in the death of two patients. There is no evidence that this pharmacist had any other work history problems. He was given a forty-five day suspension. We agree with the magistrate judge that plaintiff and this other pharmacist were not similarly situated. The 1994 error was that pharmacist's first error, for which he did receive a significant suspension. After this mistake, UNMH made numerous procedural changes to minimize the risk of future errors. In contrast, even with the new procedures in place, plaintiff made numerous, serious medication errors in a fairly short period of time and committed numerous other infractions at work in addition to the medication errors. Therefore, plaintiff's work history and the relevant company policies differed considerably from those of this other pharmacist. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir.1997) (holding that court "should ... compare relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and intended comparable employees in determining whether they are similarly situated").

Plaintiff also argues that he demonstrated pretext because five of the medication errors were not serious enough to warrant termination. Plaintiff did not present any evidence to support this claim and "mere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir.1988). Moreover, UNMH terminated plaintiff because of a pattern of medication errors, coupled with past disciplinary problems. Thus, the seriousness of any one of the medication errors considered in isolation is not relevant. In determining whether the proffered reason for a decision was pretextual, we examine the facts "as they appear to the person making the decision." *Kendrick*, 220 F.3d at 1231. Plaintiff denies on appeal that he committed five of the claimed errors. Plaintiff provided no evidence to the magistrate judge, however, that controverted UNMH's evidence that he did commit these medication errors. In sum, we agree with the magistrate judge that plaintiff failed to raise a genuine issue of fact as to whether defendants' legitimate, nondiscriminatory reasons for terminating him were a pretext for discrimination.

## Retaliation Claim

In order to establish a prima facie case of retaliation in violation of Title VII of the Civil Rights Act, plaintiff must prove that: (1) he was engaged in protected opposition to Title VII discrimination; (2) he was subjected to an adverse employment action by UNMH; and (3) a causal connection existed between the protected activity and the adverse employment action. *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th Cir.1998). As with discrimination claims, if the plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a nonretaliatory reason for the adverse employment action. If the employer satisfies this burden, then, in order to prevail on his retaliation claim, the plaintiff must prove that the employer's articulated reason for the adverse action is pretextual. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1177 (10th Cir.1999).

█ Plaintiff does not make clear what protected activities he claims are the causal connection to the alleged retaliatory discharge. He alleges in his opening brief that he was retaliated against because he exercised his right to free speech over the eighteen years of his employment. This conclusory, unsupported, and vague allegation is insufficient to state a claim for retaliation. Plaintiff also refers to the grievances he filed with his union after each of the disciplinary actions against him and the claim he filed with the Equal Employment Opportunity Commission in December, 1998. Assuming that these activities suffice to establish a prima facie case, the defendants met their responsive burden by presenting legitimate, nonretaliatory reasons for the discharge. Plaintiff did not present any evidence beyond surmise that his supervisor, Sheryl Patton, and UNHM decided to terminate him because of his protected activities. We agree with the magistrate judge that his grievances and his EEOC filing were not close enough in time to raise an inference of retaliatory motive. *See Anderson*, 181 F.3d at 1179 (stating that a three-month period, standing alone, is insufficient to raise an inference of retaliation). Accordingly, the magistrate judge properly granted summary judgment in favor of defendants on plaintiff's claim of retaliation.

## Due Process

█ Plaintiff contends that he was denied due process under *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (holding that a public employee with a property interest in continued employment "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before termination). Plaintiff claims he was not given sufficient time to respond to the charges when he received the notice of proposed termination because several of the incidents happened four weeks prior to the termination notice, requiring him to respond to these charges all at once. The undisputed evidence presented to the magistrate judge, however, indicated that plaintiff did receive timely notice and opportunity to respond to the medication errors as they occurred in February and March 1999. Further, it is undisputed that plaintiff received notice and a full opportunity to respond to the charges when he received the notice of his proposed termination. Accordingly, plaintiff has not demonstrated a violation of his procedural due process rights.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.